IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cr-00005-MR-WCM

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | **O R D E R** |
| **BRANDON ALAN PURVIS,** | ) ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. [Doc. 36].

## I. BACKGROUND

On May 17, 2023, Defendant pled guilty pursuant to a written plea agreement to one count of intent with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count One) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Three) in exchange for the Government's agreement to dismiss Count Two, possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). [Doc. 20 at ¶¶ 1-2: Plea Agreement; Doc. 23: Acceptance and Entry of Guilty Plea; see Doc. 1: Bill of

Indictment]. In the plea agreement, Defendant agreed to waive his right to appeal his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Doc. 20 at ¶ 17]. Defendant was later sentenced to a total term of imprisonment of 324 months. [Doc. 31: Judgment]. Defendant did not file a direct appeal.

On November 20, 2024, Defendant filed the present motion to vacate contending, among other things, that his counsel was ineffective because he failed to file a notice of appeal after Defendant's judgment was entered despite Defendant's express instruction that his counsel do so.[1] [Doc. 36 at 7; Doc. 36-1 at ¶¶ 13-14: Puris Dec.; Doc. 36-2 at 5, 26]. For relief, Defendant asks the Court to vacate his conviction and sentence and/or "to show cause" and hold an evidentiary hearing. [Doc. 36 at 12].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court

---

[1] Defendant also asserts that he was denied effective assistance of counsel (1) during the plea process because his attorney "encouraged" him to plead guilty to Counts One and Three to avoid a mandatory consecutive sentence under 18 U.S.C. § 924(c) on Count Two and (2) during sentencing because his attorney failed to object to the drug quantity determination and erroneously advised him that he could not testify at sentencing. [Doc. 36-2 at 8-9].

2

has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

It is well-settled that when a defendant clearly instructs his attorney to file a notice of appeal from a criminal judgment, the failure to file the notice of appeal constitutes *per se* ineffective assistance of counsel. That is, the defendant is presumed to have suffered prejudice no matter the potential merits of his claims for relief or whether he has waived his appellate rights, as Defendant has done through his written plea agreement in this case. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007).

Here, Defendant asserts in sworn testimony that his attorney failed to file a direct appeal after being instructed to do so and thereby abandoned the appeal. Thus, even if the Government were to file a response containing an affidavit in which Defendant's former attorney denies this allegation, the Court would nonetheless be compelled to give Defendant the benefit of the doubt. United States v. Santana, 263 Fed. App'x 334, 335 (4th Cir. 2008) (noting that credibility determinations should not be made on conflicting affidavits).

The Court, therefore, concludes that the appropriate remedy in this matter is to vacate the original judgment and enter a new judgment only for the purpose of allowing Defendant to pursue a direct appeal of his conviction and/or sentence in his underlying criminal case. Defendant's remaining claims shall be dismissed without prejudice to his right to file another § 2255 motion, if necessary, after direct appeal.

**O R D E R**

**IT IS, THEREFORE, ORDERED** as follows:

1. The Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 36] is **GRANTED IN PART** as to the claim that his trial counsel provided ineffective assistance of counsel by failing to file a notice of appeal and is **DENIED** without prejudice as to all other claims.

2. The Judgment [Doc. 31] is **VACATED** and the Clerk of Court is instructed to prepare an Amended Judgment with the same terms and conditions as the original Judgment [Doc. 31].

3. The Defendant shall have fourteen (14) days from the entry of the Amended Judgment to file a Notice of Appeal with the United States District Court for the Western District of North Carolina.

4

Case 1:23-cr-00005-MR-WCM    Document 38    Filed 12/12/24    Page 4 of 5

The Clerk is directed to provide copies of this Order to the Defendant and counsel for the Government.

**IT IS SO ORDERED.**

Signed: December 11, 2024

Martin Reidinger
Chief United States District Judge